**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| MARIA TORREZ, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Civil Case No. 1:23-cv-647 |
| GUIDEHOUSE, LLP, | Jury Trial Demanded |
| Defendant. | FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |

**COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Plaintiff Maria Torrez ("Torrez") brings this collective action to recover unpaid overtime wages and other damages from Defendant Guidehouse, LLP ("Guidehouse").

2. Torrez worked for Guidehouse as a Compliance Analyst and Investigator Analyst.

3. Like the Putative Class Members (as defined below), Torrez regularly worked more than 40 hours in a week.

4. But Guidehouse never paid these employees overtime compensation.

5. Instead of paying overtime, Guidehouse misclassifies Torrez and the Putative Class Members as exempt employees and pays them a salary with no overtime compensation.

6. Guidehouse's salary pay scheme violates Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA) by depriving non-exempt employees (Torrez and the Putative Class Members) of overtime wages at 1.5 times their regular rates of pay for all hours worked in excess of 40 hours in a workweek.

## JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. This Court has personal jurisdiction over Guidehouse because Guidehouse maintains its principal place of business and corporate headquarters in McLean, Virginia.

9. Venue is proper because Guidehouse maintains its headquarters in McClean, Virginia. 28 U.S.C. § 1391(b)(1).

## THE PARTIES

10. Torrez worked for Guidehouse as a Compliance Analyst and Investigator Analyst from approximately October 2019 until January 2023.

11. Throughout her employment, Guidehouse classified Torrez as exempt to avoid paying her overtime compensation.

12. Throughout her employment, Guidehouse paid Torrez a salary and failed to pay her overtime compensation when she worked more than 40 hours in a workweek.

13. Torrez's written consent is attached as **Exhibit 1**.

14. Torrez brings this action on behalf of herself and other similarly situated Guidehouse Analysts who were misclassified as exempt and paid a salary with no overtime compensation.

15. Guidehouse uniformly misclassifies each of these employees as exempt and pays them a salary with no overtime compensation in violation of the FLSA.

16. The Putative Class of similarly situated employees is defined as:

> **All Guidehouse Analysts who were classified as exempt and paid a salary with no overtime compensation at any time during the past 3 years ("Putative Class Members" or "Putative Class").**

17. Guidehouse is a Delaware limited liability partnership that maintains its headquarters in McLean, Virginia.

18. Guidehouse may be served with process by serving its registered agent: **CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060**.

## COVERAGE UNDER THE FLSA

19. At all relevant times, Guidehouse was and is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all relevant times, Guidehouse was and is an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21. At all relevant times, Guidehouse has been part of an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cellphones, computers, pens, paper, etc. – that have been moved in or produced for commerce.

22. In each of the past 3 years, Guidehouse has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

23. At all relevant times, Torrez and the Putative Class Members were Guidehouse's "employees" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

24. Guidehouse uniformly misclassified Torrez and the Putative Class Members as exempt from the FLSA's overtime provisions.

25. As a result, Guidehouse uniformly failed to pay Torrez and the Putative Class Members overtime wages when they worked more than 40 hours in a workweek in violation of the FLSA.

26. Instead, Guidehouse uniformly paid Torrez and the Putative Class Members a salary with no overtime compensation.

27. Guidehouse's salary pay scheme, which deprives Torrez and the Putative Class

Members of overtime compensation during the weeks in which these employees work over 40 hours, violates the FLSA. 29 U.S.C. § 207(a) & (e).

## THE FACTS

28. Guidehouse provides consulting services to public and private sector clients across the country.[1]

29. Guidehouse hires Analysts, including Torrez and the Putative Class Members, to compile and investigate its clients' financial data to help Guidehouse Consultants provide the financial claims investigation and consulting services it markets to its clients.

30. Guidehouse uniformly classifies its Analysts as exempt and pays them a salary with no overtime compensation.

31. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

32. For example, Torrez worked for Guidehouse as a Compliance Analyst and Investigator Analyst from approximately October 2019 until January 2023.

33. Throughout her employment, Guidehouse classified her as exempt and paid her a salary with no overtime compensation.

34. Torrez and the Putative Class Members worked under Guidehouse's uniform exempt misclassification and salary with no overtime pay scheme.

35. As Analysts, Torrez's and the Putative Class Members' primary responsibilities included compiling and reviewing financial data and accounts, inserting such data into digestible spreadsheets, and submitting financial analyses and reports in accordance with Guidehouse's policies, procedures, specifications, and quality control checklists, as well as well-established industry standards.

36. As Analysts, Torrez's and the Putative Class Members' job functions were primarily

---

[1] https://guidehouse.com/services (last visited May 17, 2023).

technical in nature, requiring little to no official training.

37. Guidehouse uniformly subjected Torrez and the Putative Class Members to policies and procedures which dictated their day-to-day activities.

38. The financial claims investigation work Torrez and the Putative Class Members perform is an essential and integral part of Guidehouse's core business.

39. No advanced degree is required to become a Guidehouse Analyst.

40. Indeed, Torrez does not have an advanced degree.

41. Being a Guidehouse Analyst does not require specialized academic training as a standard prerequisite.

42. Torrez and the Putative Class Members do not have any supervisory or management duties.

43. Torrez and the Putative Class Members do not have the authority to hire, fire, or discipline other Guidehouse employees.

44. To the extent Torrez and the Putative Class Members make "decisions," such decisions do not require the exercise of independent discretion and judgment.

45. Instead, Torrez and the Putative Class Members apply well-established techniques and procedures and use established standards and checklists to evaluate any issues.

46. Torrez and the Putative Class Members do not set the techniques and procedures utilized to perform their job duties and do not set quality standards.

47. Guidehouse's Analysts, including Torrez and the Putative Class Members, are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

48. Guidehouse requires its Analysts, including Torrez and the Putative Class Members, to perform their job duties in accordance with Guidehouse's quality control standards.

49. Indeed, Guidehouse assesses Torrez's and the Putative Class Members' work and performance based on their quality control scores to ensure they are not deviating from Guidehouse's well-established procedures and protocols.

50. With these job duties, Torrez and the Putative Class Members are clearly non-exempt employees under the FLSA and, therefore, entitled to overtime compensation.

51. But Guidehouse does not pay Torrez and the Putative Class Members overtime compensation when they work more than 40 hours in a workweek in violation of the FLSA.

52. Torrez worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

53. Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

54. Indeed, Torrez and the Putative Class Members regularly work 8 to 10 hours a day for up to 7 days a week.

55. But Guidehouse does not pay these employees overtime compensation.

56. Rather, under Guidehouse's uniform salary pay scheme, Torrez and the Putative Class Members are denied overtime compensation when they work in excess of 40 hours in workweek in violation of the FLSA.

57. Guidehouse knows Torrez and the Putative Class Members routinely work more than 40 hours in a week because Guidehouse expected and required them to do so.

58. Indeed, Guidehouse requires these employees to track their "billable" and "non-billable" hours worked so Guidehouse can bill its clients for the same.

59. Despite knowing Torrez and the Putative Class Members regularly work overtime, Guidehouse does not pay them overtime wages in violation of the FLSA.

60. When Torrez and the Putative Class Members worked more than 40 hours in

workweek, Guidehouse did not pay them overtime wages at 1.5 times their regular hourly rate for all overtime hours worked.

61. Guidehouse knew, or should have known, it was subject to FLSA, including its overtime provisions.

62. Guidehouse knew, or should have known, the FLSA requires it to pay non-exempt employees, including Torrez and the Putative Class Members, overtime wages at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

63. Guidehouse knew, or should have known, Torrez and the Putative Class Members perform non-exempt job duties because Guidehouse dictates the same.

64. Guidehouse knew, or should have known, Torrez and the Putative Class Members were non-exempt employees and, therefore, entitled to overtime compensation when they work more than 40 hours in a workweek.

65. Guidehouse knowingly, willfully, and/or in reckless disregard carried out these illegal policies that deprived Torrez and the Putative Class Members of premium overtime compensation in violation of the FLSA.

66. Nonetheless, Guidehouse failed to pay Torrez and the Putative Class Members overtime compensation.

67. Guidehouse's failure to pay Torrez and the Putative Class Members overtime compensation was neither reasonable, nor was the decision not to pay these employees overtime compensation made in good faith.

**COLLECTIVE ACTION ALLEGATIONS**

68. Torrez brings her claims as a collective action under Section 216(b) of the FLSA.

69. The Putative Class Members were uniformly victimized by Guidehouse's salary pay

scheme, which is in willful violation of the FLSA.

70. Other Putative Class Members worked with Torrez and indicated they were paid in the same manner and were subject to Guidehouse's same illegal policies.

71. Based on her experiences and tenure with Guidehouse, Torrez is aware Guidehouse's illegal practices were imposed on the Putative Class Members.

72. The Putative Class Members are similarly situated in all relevant respects.

73. Even if their precise job duties and locations might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime compensation.

74. Therefore, the specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

75. Rather, the Putative Class are held together by Guidehouse's uniform salary with no overtime pay scheme that systematically deprived Torrez and the Putative Class Members of overtime wages when they worked more than 40 hours in a week.

76. The Putative Class Members are similarly denied overtime compensation when they work more than 40 hours in a workweek.

77. The back wages owed to Torrez and the Putative Class Members will be calculated using the same records and using the same formula.

78. Torrez's experiences are therefore typical of the experiences of the Putative Class Members.

79. Torrez has no interest contrary to, or in conflict with, the Putative Class Members that would prevent collective treatment.

80. Like each Putative Class Member, Torrez has an interest in obtaining the unpaid overtime wages owed under federal law.

81. A collective action, such as the instant one, is superior to other available means for fair

and efficient adjudication of the lawsuit.

82. Absent a collective action, many Putative Class Members will not obtain redress for their injuries, and Guidehouse will reap the unjust benefits of violating the FLSA.

83. Further, even if some of the Putative Class Members could afford individual litigation against Guidehouse, it would be unduly burdensome to the judicial system.

84. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

85. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

86. Among the common questions of law and fact are:

   a. Whether Guidehouse misclassified Torrez and the Putative Class Members as exempt under the FLSA;

   b. Whether Torrez and the Putative Class Members are non-exempt from the FLSA's overtime provisions;

   c. Whether Guidehouse engaged in a policy and practice of failing to pay Torrez and the Putative Class Members overtime wages when these employees worked more than 40 hours in a workweek in violation of the FLSA;

   d. Whether Guidehouse's violations of the FLSA resulted from a continuing course of conduct;

   e. Whether Guidehouse's decision not to pay Torrez and the Putative Class Members overtime compensation was made in good faith;

   f. Whether Guidehouse's decision to classify Torrez and the Putative Class Members as exempt employees was made in good faith; and

   g. Whether Guidehouse's violations of the FLSA were willful.

87. Torrez and the Putative Class Members sustained damages arising out of Guidehouse's illegal and uniform employment policies.

88. Torrez knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

89. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Guidehouse's records, and there is no detraction from the common nucleus of liability facts.

90. Therefore, the issue of damages does not preclude collective treatment.

91. Guidehouse is liable under the FLSA for failing to pay Torrez and the Putative Class Members overtime compensation when they work more than 40 hours in a workweek.

92. Consistent with Guidehouse's illegal salary pay scheme, Torrez and the Putative Class Members are not paid overtime compensation when they work more than 40 hours in a workweek in violation of the FLSA.

93. As part of its regular business practices, Guidehouse intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Torrez and the Putative Class Members.

94. Guidehouse's illegal policies deprived Torrez and the Putative Class Members of overtime compensation, which they are owed under federal law.

95. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

96. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

97. Those similarly situated employees are known to Guidehouse, are readily identifiable, and can be found through Guidehouse's business and personnel records.

## CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

98. Torrez realleges and incorporates all other paragraphs by reference.

99. Torrez brings her FLSA claim as a collective action on behalf of herself and the Putative Class Members pursuant to 29 U.S.C. § 216(b).

100. Guidehouse violated, and is violating, the FLSA by failing to pay Torrez and the Putative Class Members overtime compensation at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 in a workweek.

101. Torrez and the Putative Class Members have been harmed as a direct and proximate result of Guidehouse's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Guidehouse derived a direct and substantial benefit.

102. Guidehouse's decision to classify Torrez and the Putative Class Members as exempt was neither reasonable, nor was the decision to classify these employees as exempt made in good faith.

103. Guidehouse's failure to pay Torrez and the Putative Class Members overtime compensation was neither reasonable, nor was the decision not to pay these employees overtime compensation made in good faith.

104. Guidehouse knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Torrez and the Putative Class Members overtime compensation.

105. Accordingly, Torrez and the Putative Class Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

## JURY DEMAND

106.  Torrez demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Torrez, individually and on behalf of the Putative Class Members, seeks the following relief:

a.  An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.  An Order pursuant to Section 16(b) of the FLSA finding Guidehouse liable for unpaid overtime wages due to Torrez and the Putative Class Members, plus liquidated damages in amount equal to their unpaid compensation;

b.  A Judgment awarding Torrez and the Putative Class Members all unpaid wages, penalties, and other damages available under the FLSA;

c.  An Order awarding attorneys' fees, costs, and expenses;

d.  An Order awarding pre- and post-judgment interest at the highest applicable rates; and

e.  An Order awarding such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Zev H. Antell
Harris D. Butler (VSB No. 26483)
Craig J. Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
Paul M. Falabella (VSB No. 81199)
Samantha R. Galina (VSB No. 96981)
**BUTLER CURWOOD, PLC**
140 Virginia Street, Suite 302
Richmond, Virginia 23219
804-648-4848 – Telephone
804-237-0413 – Facsimile
harris@butlercurwood.com
craig@butlercurwood.com
zev@butlercurwood.com
paul@butlercurwood.com
samantha@butlercurwood.com

Michael A. Josephson*
Andrew W. Dunlap*
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
rburch@brucknerburch.com

*Pro hac vice applications forthcoming*

**ATTORNEYS FOR PLAINTIFF &
THE PUTATIVE CLASS MEMBERS**